## PEABODY v. HUTTON.

JUDGMENT, FORM OF.

  1. A judgment that plaintiff (naming him) have and recover of and from the defendant (naming the individual) is a personal judgment against said individual defendant, and is not a judgment against the estate of a deceased person of which defendant was administrator with the will annexed.

#### ON REHEARING.

  1. A judgment against an administrator as such does not entitle the creditor to have the property of the estate applied in discharge of his claim except in due course of administration.

[Commenced in District Court November 5, 1891. Decided September 21, 1894. Rehearing denied April 4, 1895.]

ERROR to District Court for Albany County. HON. W. BLAKE, Judge.

The plaintiff, Alfred S. Peabody, brought this action against George L. Hutton personally and as administrator with the will annexed of Rowena H. Hutton, deceased, and Elizabeth Ann Hutton, to subject certain real property to the satisfaction of a judgment against George L. Hutton. It was alleged in the petition that the former judgment was recovered against said Hutton personally and as administrator, upon a cause of action existing against Rowena H. Hutton in her life time and established as a legal claim against her estate; that she died seized of certain lands in Albany county, Wyoming; that the executor named in her will having refused to act, said George L. Hutton was appointed administrator with the will annexed; upon his giving bond to pay all the debts of said deceased, further proceedings in the administration were ordered dispensed with by the probate court, and the estate was declared vested in said George L. as sole legatee and devisee; that thereafter, he conveyed the lands in question through an intermediary to Elizabeth Hutton, his wife; George L. was the son of Rowena. It was charged that said deeds were without consideration and fraudulent as to creditors; that George L. had no other property. The answer denied that the judgment was against the estate. It was admitted that it was based upon a cause of action wholly existing against Rowena H. in her lifetime, but denied that it was established as a legal claim against her estate. It was denied that the conveyances to Elizabeth were without consideration, or fraudulent; and alleged that when they were made George L. was solvent, and that since the death of Rowena the property had been occupied by George L. and his wife as a homestead. The evidence taken on the trial was not preserved by bill of exceptions nor incorporated in the record. The court rendered special findings, which, so far as are material, were, in substance, that the judgment was rendered against George L. in his personal capacity; that he was sole legatee named in the will of Rowena, deceased; that the probate proceedings were as alleged in the petition; that there was no actual fraud in the conveyances to Elizabeth, but the consideration was nom-

inal, and that George L. was not then insolvent. Judgment was thereupon entered in favor of defendants. The statute (R. S., sec. 2239) provided that if one who is named as sole executor in a will, is also sole legatee, he may give a bond to the State with a condition to pay all the debts of the testator, and in such case shall not be required to return an inventory or take the executor's oath, and no other administration shall be required. Upon breach of the condition of such bond, suit may be instituted thereon at the instance of any creditor in the name of the State, for the use of such creditor.

*N. E. Corthell*, for plaintiff in error.

It was contended that the former judgment operated against Hutton in both his personal and representative capacity, and the following cases were cited. (Finnagan v. Manchester, 12 Ia., 521; Dollins v. Pollock, 7 S., 904; Bolling v. Spiller, 11 S., 301; Whitney v. Pinney, 53 N. W., 198; Landon v. Townshend, 19 N. E., 424; Austin v. Munro, 47 N. Y., 368; Yarrington v. Robinson, 141 Mass., 450.) The provision of the statute as to giving bond did not apply to Hutton, as he was not named as executor in the will. (Jones v. Roberts, 54 N. W., 917.) If it did, an execution could be levied upon property of which the testator died seized in the possession of a devisee. (Gore v. Brazier, 3 Tyng, 523-542; Collins v. Collins, 140 Mass., 502; Thomas v. Bonnie, 2 S. W., 726; 2 Woerner on Adm., 491; Halsted v. Westervelt, 3 Atl., 270; Wellington v. Taylor, 1 N. J. Eq., 314; Thayer v. Finnigan, 134 Mass., 62; Flood v. Wall., 11 S. W., 6.) The property is held as a trust to pay debts of the testator. (Cameron v. Cameron, 82 Ala., 392; Hoffman v. Beard, 32 Mich., 222; Ridwell v. Whitaker, 1 id., 473; Burus v. Berry, 42 id., 176; Pierce v. Holzer, 65 id., 263.)

*C. W. Bramel* and *C. E. Carpenter*, for defendants in error.

The judgment was personal. (Freeman Judg., secs. 48-50, 156; 13 Am. & Eng. Ency. L., p. 150; Jones v. Harden, 16 S. W., 623.) Judgments of probate courts cannot be collaterally attacked. (Appel v. Kelsey, 20 Am. St. R., 183; Price v. Springfield, &c., 101 Mo., 107; Morrell v. Morrell,

20 Or., 96; Ex parte Sterns, 11 Am. St., 251; Kingman v.
Paulson, 126 Ind., 507; Haines v. Flinn, 18 Am. St., 785;
Mitchell v. Aten, 37 Kan., 33; Williams v. Haynes, 19 Am.
St., 752; R. S., secs. 1083, 1969-1981; U. S. Rev. Stat., sec.
1907; R. S. Wyo., sec. 40.)   The estate of a decedent must
be subjected to debts only in the manner provided by statute.
(2 Jones on L., 1174; id., 94.)

CONAWAY, JUSTICE.

This action was brought in the district court by plaintiff
in error against defendants in error, to annul a conveyance
through a trustee of realty from the defendant in error,
George L. Hutton, to the defendant in error, Elizabeth Ann
Hutton, his wife; and to subject the realty so conveyed to
sale upon execution to satisfy a former judgment against
George L. Hutton.

Much of the argument on behalf of plaintiff in error has
been an effort to make it appear that such judgment is a
judgment against George L. Hutton as administrator of the
estate of Rowena H. Hutton; that is, against the estate; and
that the conveyance of the realty in question should be set
aside in order to subject it to sale on such judgment as a
judgment against the estate of Rowena S. Hutton.   The
judgment is in the following words:

"It is therefore ordered and adjudged that the plaintiff,
"Alfred S. Peabody, have and recover of and from the de-
"fendant, George L. Hutton, the aforesaid sum of six hundred
"and twenty-five and 67-100 dollars, together with his costs
"in this action, taxed at thirteen dollars."

The district court finds that this is a personal judgment
against George L. Hutton.  This finding is clearly right.  It
is not a judgment against the estate of Rowena H. Hutton.

The sole remaining question is, has plaintiff in error shown
error in the refusal of the district court to annul the con-
veyance of the realty in question and order it sold to satisfy
the judgment against George L. Hutton?

The property consists of two lots in the town of Laramie
with improvements.  There is no evidence in the record and

no finding of the court as to their values. It is alleged in the answer of defendants in error, and denied in the reply of plaintiff in error, that ever since the death of Rowena H. Hutton the premises in question have been occupied as a homestead by defendants in error, George L. Hutton and Elizabeth Ann Hutton, and their children. There is no evidence in the record and no finding of the court upon this point. It is alleged in the petition of plaintiff in error, and denied by the answer of defendants in error, that the conveyance attacked was made with intent on the part of defendants in error to hinder, delay and defraud the creditors of George L. Hutton. The district court finds that there was no such intent. The record does not purport to give all of the evidence upon these points. For lack of evidence we can not review this finding of the district court or its judgment.

*Judgment affirmed.*

CLARK, J., and SCOTT, J., concur. GROESBECK, C. J., having announced his disqualification to sit in this case, the other Justices called in R. H. Scott, Judge of the First Judicial District Court, to sit in his stead.

ON PETITION FOR REHEARING.

CONAWAY, JUSTICE.

Plaintiff in error still contends that the judgment against George L. Hutton, to satisfy which he seeks to subject the property in controversy to sale upon execution, is a judgment against George L. Hutton as administrator of the estate of Rowena H. Hutton, deceased. Also that the order of the probate court transferring this property to George L. Hutton, upon his executing a bond to pay the debts of the estate, is void. If this all be true it results that there has been no administration of the estate, and no ascertainment of its assets and liabilities. It does not entitle plaintiff in error to have the property in controversy, or any portion of it, applied to the discharge of his claim, in whole or in part, except in due course of administration.

*Rehearing denied.*

POTTER and SCOTT, JJ., concur.